IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE,
AT KNOXVILLE

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) CIVIL ACTION<br>) NO. 3:11-CV-219 |
| vs. | )<br>) JURY DEMAND |
| | ) Jordan/Shirley<br>) |
| CAROL ANN STUTTE,<br>LAURA JEAN STUTTE and<br>CHASE HOME FINANCE, LLC | )<br>)<br>)<br>) |
| Defendants | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, American National Property And Casualty Company, and states its Complaint for Declaratory Judgment pursuant to Rule 57 of the *Federal Rules of Civil Procedure* and 28 U.S.C. §2201 *et seq.* against the Defendants, Carol Ann Stutte, Laura Jean Stutte and Chase Home Finance, LLC, as follows:

### I. PARTIES

1.      The Plaintiff, American National Property And Casualty Company (hereinafter referred to as "ANPAC"), is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Springfield, Missouri. ANPAC issued a homeowners policy of insurance pertaining to a dwelling and personal property located at 2715 Highway 360, Vonore, Monroe County, Tennessee, being policy # 41-H-V669657 to Laura Jean Stutte and Carol Ann Stutte with policy period from 6-10-2010 to 6-10-2011 (hereinafter referred to as the "Policy").

1

2. Chase Home Finance, LLC is a foreign limited liability company, not organized or existing under the laws of the State of Missouri, with its principal place of business in Edison, New Jersey. Chase Home Finance, LLC conducts business in Tennessee, but it is not registered to do business in Tennessee. Chase Home Finance, LLC, (hereinafter referred to as "Mortgagee") is named as the mortgagee on ANPAC policy # 41-H-V669657. It can be served with process at its principal place of business at 343 Thornall Street, Suite 7, Edison, New Jersey.

3. The Defendants, Carol Ann Stutte and Laura Jean Stutte (hereinafter collectively "Defendants"), are residents of Knox County, Tennessee, and can be served with process at 6103 Easton Road, Knoxville, Tennessee 37920.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the Plaintiff and the Defendants and the Mortgagee, and the amount in controversy exceeds $75,000.00. The Plaintiff is a Missouri corporation with its principal place of business in Springfield, Missouri. Defendants are citizens, residents and domiciled in Knoxville, Knox County, Tennessee. Mortgagee is a foreign limited liability company, not organized or existing under the laws of the State of Missouri, with its principal place of business in Edison, New Jersey. The amount in controversy herein exceeds $75,000.00 because the amount in controversy in the underlying insurance claim described below and the applicable coverage limits of the Policy exceeds $75,000.00. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants' place of residence is in Knoxville, Knox County, Tennessee and

because the events giving rise to this action occurred in Vonore, Monroe County, Tennessee. Thus, jurisdiction and venue lie with this Honorable Court.

### III. FACTS

4. On September 7, 2010, the Defendants reported to ANPAC that their dwelling at 2715 Highway 360, Vonore, Monroe County, Tennessee, and its contents were destroyed by fire on September 4, 2010 (hereinafter referred to as the "Loss"). Defendants made a claim under the Policy for the Loss by submitting a document entitled "Sworn Statement in Proof of Loss" notarized on October 27, 2010, which included an inventory of items which the Defendants assert were destroyed in the fire. The total amount of their claim is $276,275.46.

5. It is averred that there is no liability or obligation on the part of ANPAC under the Policy for claims arising from Defendants' alleged fire loss on or about September 4, 2010. The Defendants' claim was denied by correspondence dated May 12, 2011, for the reasons therein.

6. It was determined through investigation that the preponderance of the evidence shows that the Loss was intentionally caused by the Defendants. Under Tennessee law, such intentional destruction of the property voids all coverages under the policy. Further, such conduct is a breach of the provision of the policy which provides as follows:

### SECTION I – EXCLUSIONS

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

    h. **Intentional Loss.** We do not provide coverage for a person who is insured under this policy if that person commits or directs an act with

3

the intent to cause a loss.

The Defendants also breached the provisions of the Policy in that they committed concealment or fraud relating to the claim. The Policy provides as follows:

> 2. **Concealment or Fraud.** This entire policy shall be void if, whether before or after a loss, any insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or in the interest of any insured therein, or in case of any fraud or false swearing by any insured relating thereto.

Concealment or fraud by an insured renders all coverages under the policy void. Such acts by the Defendants included, without limitation, submitting to ANPAC their Sworn Statement in Proof of Loss thereby swearing that the Loss did not originate by any act, design or procurement on their part and statements made and documents submitted during the investigation of the Loss.

7. Chase Home Finance, LLC, (referred to herein as "Mortgagee) is named on the Policy as the mortgagee and is joined in this action because under the terms of the Policy and applicable Tennessee law it is deemed that there is a separate and independent contract of insurance between ANPAC and the mortgagee named on the Policy. Any rights of the Mortgagee under the policy are independent of any rights the Defendants may have under the Policy and are not impaired or invalidated by the conduct of the Defendants described herein.

8. By correspondence dated February 4, 2011, ANPAC advised the Mortgagee of the Loss and invited it to submit an appropriate claim pursuant to the terms of the Policy. To date, Chase Home Finance, LLC. has failed to do so. It is joined in this action because it may have rights under the Policy and therefore has an interest in the subject matter of this litigation.

4
Case 3:11-cv-00219-RLJ-CCS   Document 1   Filed 05/13/11   Page 4 of 6   PageID #: 4

## IV. DECLARATORY JUDGMENT

9. ANPAC is entitled to a declaratory judgment, pursuant to Rule 57 of the *Federal Rules of Civil Procedure* and 28 U.S.C. §2201 *et seq.* establishing that the Policy is void and does not provide coverage to the Defendants for the Loss on September 4, 2010 because:

   a. The fire was intentionally caused by the Defendants. Under Tennessee Law, such intentional destruction of the property voids all coverages under the policy. Further, such conduct is also a breach of the provision of the Policy which provides that ANPAC does not insure for loss caused by an insured under this policy if that person commits or directs an act with the intent to cause a loss.

   b. The Defendants breached the provisions of the Policy in that they committed concealment or fraud relating to the claim. The Policy provides that the entire policy shall be void if, whether before or after a loss, any insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or in the interest of any insured therein, or in case of any fraud or false swearing by any insured relating thereto.

10. ANPAC requests the Court to enter a declaratory judgment determining the rights and obligations of ANPAC and the Mortgagee under the Policy with regard to the Loss.

WHEREFORE, ANPAC hereby requests a jury to try the issues and that a judgment be entered as follows:

5

a) Declaring that ANPAC has no obligation to the Defendants under the Policy for the Loss and the other the declaratory relief requested herein;

b) Declaring the rights and obligations under the Policy of the Mortgagee and ANPAC as a result of the Loss;

c) Awarding ANPAC its attorney's fees and the costs of the suit; and

d) Awarding of all other relief in law or in equity to which ANPAC may be entitled.

Respectfully submitted,

BAKER, KINSMAN, HOLLIS, CLELLAND & WINER, P.C.

By: /s/ Mark Kinsman
N. MARK KINSMAN, BPR #6039
*Attorneys for American National Property And Casualty Company*
701 Market Street, Suite 1500
Chattanooga, TN 37402-4825
(423) 756-3333