IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. 3:11-CV-219 |
| CAROL ANN STUTTE, *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This civil action is before the court for consideration of "Kimberly Ann Quintana's Motion to Intervene" [doc. 66]. Plaintiff has filed a response in opposition [doc. 68], and Quintana has submitted a reply [doc. 69]. Both plaintiff [doc. 71] and Quintana [doc. 72] filed additional briefs beyond the court's set briefing schedule.[1]

Quintana has moved to intervene in this declaratory judgment action as of right under Federal Rule of Civil Procedure 24(a)(2) and in the alternative to intervene permissively under Rule 24(b)(1). For the reasons that follow, the motion will be denied.

---

[1] Neither plaintiff nor Quintana sought permission from the court to file the additional briefs. E.D. Tenn. L.R. 7.1. The parties are cautioned to comply with the local rule in the future to insure that any supplemental briefs will be considered by the court.

I.

*Background*

Plaintiff filed its complaint for declaratory judgment on May 13, 2011, against defendants Laura Jean Stutte and Carol Ann Stutte (herein after defendants or "the Stuttes") [doc. 1].[2] The Stuttes had a homeowners insurance policy with plaintiff, and on September 4, 2010, their house and its contents were destroyed by fire. Defendants made a claim for the loss on September 7, 2010, and the claim was denied May 12, 2011. Plaintiff maintains that based upon its investigation, the evidence shows that the loss was intentionally caused by the defendants.

In the complaint, plaintiff seeks a judgment declaring that it has no obligation to defendants under the policy for the loss. The Stuttes filed an answer and counterclaim June 6, 2011 [doc. 6], an amended counterclaim August 10, 2011 [doc. 20], and a second amended counterclaim November 30, 2012 [doc. 53]. Quintana, formerly known as Kimberly Holloway, is the daughter of defendant Carol Stutte. She was living in the residence at the time of the fire and qualifies as an "insured" under the policy. Quintana was also a recipient of the denial letter dated May 12, 2011. She alleges in her intervening complaint that her counsel made a formal demand to plaintiff to pay her claims on July 18,

---

[2] The other original defendant, the mortgagee Chase Home Finance, LLC, was dismissed by an order entered June 12, 2012 [doc. 45] and is therefore not included in the court's reference to "defendants."

2013.³ Quintana filed her motion to intervene on November 27, 2013.

II.

*Standard of Review*

Rule 24(a) addresses intervention as of right and provides in pertinent part:

(a) **Intervention of Right**. On timely motion, the court must permit anyone to intervene who . . .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest

"[A] proposed intervenor must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest." *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)); *see also United States v. Tennessee*, 260 F.3d 587, 591-92 (6th Cir. 2001). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied."

---

³ Quintana is represented by the same counsel as the Stuttes.

3

*United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)); *see also Johnson v. City of Memphis*, 73 F. App'x 123, 131 (6th Cir. 2003) ("The applicant has the burden of demonstrating the four prongs, and the failure to satisfy any of the four prongs prevents the applicant from intervening as of right.").

Rule 24(b) governs permissive intervention and provides in relevant part:

(b) **Permissive Intervention**.

(1) **In General**. On timely motion, the court may permit anyone to intervene who . . .

(B) has a claim or defense that shares with the main action a common question of law or fact.

"To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. Once these two requirement are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Michigan*, 424 F.3d at 445 (internal citation omitted). Whether to permit intervention under Rule 24(b) is within the sound discretion of the court. *Id.*; *see also Granholm*, 501F.3d at 784 ("The denial of permissive intervention should be reversed only for clear abuse of discretion by the trial judge.") (citation omitted).

Whether the proposed intervenor moves under Rule 24(a) or Rule 24(b), the motion must be timely. *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (citations

4

omitted).  Timeliness is a threshold determination for both intervention as of right and permissive intervention.  *Gascho v. Global Fitness Holdings, LLC*, No. 2:11-CV-00436, 2013 WL 5487339, at *2 (S.D. Ohio Sept. 30, 2013) (citations omitted).  "Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.'"  *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (quoting *NAACP v. New York*, 413 U.S. 345, 365 (1973)); *see also Shy v. Navistar Int'l Corp.*, 291 F.R.D. 128, 133 (S.D. Ohio 2013) ("Regardless of whether a movant requests intervention of right or permissive intervention, the preliminary determination to make is whether the motion was 'timely' made.").  The determination of timeliness under both types of intervention is within the discretion of the trial court.  *Stupak-Thrall*, 226 F.3d at 472 (citing *Velsicol Chem. Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir. 1993)); *see also Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 582 (6th Cir. 1982) ("Timeliness is a matter within the sound discretion of the district court.").

III.

*Analysis*

**Timeliness**

"[T]he purpose of the timeliness inquiry is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal."  *United States v. BASF-Inmont Corp.*, No. 93-1807, 1995 WL 234648, at *2 (6th Cir. Apr. 18, 1995) (internal quotation marks and

citation omitted). The Sixth Circuit has identified several factors that courts are to consider when determining whether a motion to intervene is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Tennessee*, 260 F.3d at 592 (quoting *Grubbs*, 870 F.2d at 345). "No one factor is dispositive, but rather the determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Blount-Hill*, 636 F.3d at 284 (internal quotation marks and citation omitted); *see also Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). "If untimely, intervention must be denied." *Stotts*, 679 F.2d at 582; *see also NAACP*, 413 U.S. at 365.

### 1. Stage of Proceedings

"[T]imeliness is not merely determined by the time between the filing of the complaint and the motion to intervene, but rather by what steps occurred along the litigation continuum during that period of time." *City of Memphis*, 73 F. App'x at 132. "If the litigation has 'made extensive progress in the district court before the [intervenors] moved to intervene' then this factor weighs against intervention." *Tennessee*, 260 F.3d at 592

6

(quoting *Stupak-Thrall*, 226 F.3d at 475).

Since the original complaint was filed on May 13, 2011, this case has made extensive progress. As noted above, the Stuttes had filed two amended counterclaims beyond the original counterclaim, neither of which included any attempt to add Quintana as a party. With regard to the second amended counterclaim, the plaintiff objected on futility grounds, and the court was required to issue a ruling on whether defendants could assert claims for intentional and negligent infliction of emotion distress [doc. 52]. As a result of allowing the second amended counterclaim, the court denied with leave to renew Plaintiff's motion for partial summary judgment [doc. 27] and denied as moot plaintiff's motion to dismiss [doc. 10] that had already been filed. After the second amended counterclaim was filed, plaintiff filed a motion to dismiss the claims for negligent and intentional infliction of emotional distress [doc. 56], which the court converted to a motion for summary judgment [doc. 62]. The parties have submitted additional briefing regarding the motion [docs. 67, 73].

Pursuant to the court's scheduling order entered November 26, 2012 [doc. 51], the case was set for trial on January 28, 2014, and was still set for trial until just days before Quintana filed her motion to intervene. Because the court ordered additional briefing on the converted motion to dismiss, the court also ordered on November 19, 2013, that the trial date be reset to June 17, 2014 [doc. 65]. Quintana filed her motion to intervene just eight days after entry of that order. In addition, the scheduling order called for dispositive motions to be filed 120 days prior to trial, discovery to be completed 30 days prior to trial, and an agreed

7

pretrial order to be filed 30 days prior to trial. *See Creusere V. Bd. of Educ. of City Sch. Dist. of City of Cincinnati*, 88 F. App'x 813, 825 (6th Cir. 2003) (affirming denial of motion to intervene "because the case was over three years old, discovery was long over, the deadline for dispositive motions had passed months before, and trial was scheduled in about a month"). Thus, when the trial was continued, the dispositive motion deadline had passed, approximately 30 days remained for completion of discovery, and the agreed pretrial order was due in 30 days. The court surmises that Quintana seized the opportunity to move for intervention once the case was continued, as she made no effort to intervene earlier during the two and a half years that the case progressed. In essence, Quintana's motion was filed on the brink of trial. The court concludes that this factor weighs against intervention.

2. Purpose of the Intervention

Although not specifically articulated by Quintana, presumably the purpose of the intervention is for her to assert the claims against plaintiff related to the fire loss, which she contends involve the same issues, policy, and loss raised by the Stuttes in their counterclaims. Plaintiff contends that Quintana's purpose for intervention is to assert claims that are barred by the one-year statute of limitations and the limitation contained in the policy itself. Plaintiff argues that Quintana's motion to intervene is untimely because her claims are barred by the applicable statutes of limitation which are one-year. Quintana contends the claims are not barred and that their filing date relates back to the original filing by the Stuttes.

8

Quintana cites no Sixth Circuit authority for her contention that the filing of her claims through the motion to intervene relates back to the original filing of the Stuttes's counterclaim. The two cases Quintana cites in the body of her brief as support for this position, *Cummings v. United States*, 704 F.2d 437 (9th Cir. 1983) and *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (6th Cir. 1974) are not applicable in this case. In *Cummings*, a claimant's insurer filed a motion to intervene to enforce its right of subrogation in a Federal Tort Claims Act ("FTCA") case. The Ninth Circuit found that the district court abused its discretion in denying a motion to intervene as untimely. The Ninth Circuit held that the expiration of the statute of limitations did not preclude intervention because "[t]he insurer subrogee's complaint in intervention . . . has the same effect as *pro tanto* substitution of the real party in interest under Fed. R. Civ. P. 17(a). Such a substitution relates back to the filing of the original complaint." *Cummings*, 704 F.2d at 439. The Ninth Circuit's discussion of relation back was not in the context of intervention but of Rule 17(a) which allows for relation back.

*Executive Jet* also involved subrogation and the real party in interest in the context of a FTCA case. The Sixth Circuit held, on the particular facts of the case, that the filing of the administrative claim by *Executive Jet* tolled the statute of limitations regarding the claim of the insurers. The Court concluded that *Executive Jet* "should be permitted to amend its administrative claim to show the insurers as joint claimants." The *Cummings* Court cited *Executive Jet* for the proposition that "[b]ecause the insurance company as

9

subrogee stands in the shoes of the insured, it is the real party in interest in the insured's suit to the extent of the subrogation." *Cummings*, 704 F.2d at 439 (citing *Executive Jet*, 507 F.2d at 515). No such circumstances exist in the instant case. This case does not involve subrogation, a subrogee's complaint in intervention, a "real party in interest," or the application of Rule 17, which addresses a real parties in interest. *Cummings* and *Executive Jet* do not support Quintana's contention that her claims relate back to the Stuttes's original counterclaim or that they are timely filed because they do relate back.

The other cases Quintana cites in a footnote in support of this proposition are not Sixth Circuit cases and/or are distinguishable. For example, *Acorn v. County of Nassau*, 270 F.R.D. 123 (E.D. N.Y. 2010), involved a successor's claims and cited a rule regarding relation back in connection with intervention that is not the rule in the Sixth Circuit. Quintana has not cited any Sixth Circuit authority to demonstrate that such a rule applies in this circuit. Other of the cases involve *qui tam* relators in suits brought under the False Claims Act which are distinguishable. The cases Quintana cites in the footnote are not persuasive authority for this court to apply a relation-back rule that is not recognized by courts in the Sixth Circuit. Quintana's claims do not relate back to the filing of the Stuttes's counterclaim, and therefore her claims are subject to statute of limitations considerations.

The issue of how to address the effect of the statute of limitations on a motion to intervene is not clear in the Sixth Circuit. In *Equal Employment Opportunity Commission v. Olsten Staffing Services, Inc.*, No. 96-3656, 1997 WL 210801 (6th Cir. Apr. 25, 1997), a

10

proposed intervenor's request to intervene in a civil rights action brought by the EEOC had been denied by the district court. The intervenor did not file a civil action against the defendant Olsten within 90 days of the right-to-sue letter as required by the statute. Over a year after receiving the right-to-sue letter, the intervenor moved to intervene in the case the EEOC had filed against Olsten. The district court denied the motion to intervene by "concluding that her claim was untimely." *Id*. at *1. The Sixth Circuit relied on an Eight Circuit case that determined that "[e]ven if a plaintiff is joining another employee's timely administrative charge, once the separate administrative charge is filed, the plaintiff cannot rely on the second claimant's action and must timely file suit after receipt of the right-to-sue letter." *Id*. The Sixth Circuit concluded that the district court had properly denied the motion to intervene holding that "[a]s [the intervenor] did not file her motion to intervene until over one-year after receiving her right-to-sue letter, [her] action was untimely." *Id*.

In *Abbott v. Amalgamated Clothing & Textile Workers Union*, Nos. 83-5127, 83-5332, 1985 WL 13481 (6th Cir. July 3, 1985), a number of co-workers, including the intervenor, had been discharged. The group filed a grievance that was pursued to arbitration by the union. The arbitrator's decision was adverse to the discharged employees. A large number of the employees filed suit, but the intervenor was not one of those plaintiffs. Several months after suit was filed, the intervenor moved to intervene in the case. The same day the intervenor also filed an independent complaint asserting identical claims to those in the employee's suit. The district court denied the motion to intervene on the ground that the

11

claim was barred by the statute of limitations. The district court dismissed the complaint on the same ground. The intervenor appealed both orders. The Sixth Circuit noted that "although these two appeals arise in slightly different procedural contexts, the underlying legal issues are identical." *Id*. at *1. Thus, the Sixth Circuit looked at the issue of the statute of limitations as being a bar to intervention. The Court found that the district court had applied the correct statute of limitations but determined that it was not clear when the intervenor's cause of action accrued. The Sixth Circuit therefore remanded the case to the district court for determination of when the intervenor knew or should have known of the arbitrator's decision.

*Saxton v. General Motors Corp.*, No. 83-3544, 1985 WL 13478 (6th Cir. July 16, 1985) also deals with a district court's denial of a motion to intervene. The plaintiff Saxton had timely brought an action against his employer and his union under the NLRA for breach of the collective bargaining agreement. During discovery the plaintiff learned that the intervenor had been denied admission to the same apprentice program. He promptly notified the intervenor who filed a motion to intervene, which was filed long after the applicable statute of limitations had expired. The district court denied the motion to intervene on the ground that the claim was barred by the statute of limitations and exercised its discretion to deny intervention because it was clear that the court did not have jurisdiction. The Sixth Circuit noted that the district court had not referenced the requirements of Rule 24(b) and the district court's ruling made the right to intervene dependent upon the strength

12

of the proposed intervenor's case. The Court stated, "The decision whether to permit intervention should not turn on the apparent strength of the proposed intervenor's claim. The discretion whether to permit intervention pursuant to Rule 24(b) should be exercised with respect to the considerations which relate to intervention, not to the ultimate likelihood that the proposed intervenor will prevail." *Id*. at *1.

However, in two fairly recent district court cases, the court considered the issue of whether intervention was futile because of the statute of limitations, and did so prior to considering the factors related to intervention. *Cooey v. Taft*, No. 2:04-cv-1156, 2006 WL 3793308 (S.D Ohio Nov. 9, 2006); *Cooey v. Strickland*, No. 2:04-cv-1156, 2008 WL 5111190 (S.D. Ohio Dec. 2, 2008).[4] In *Taft* the intervenor, another Ohio prisoner sentenced to death, moved to intervene in the *Cooey* lawsuit. The defendants argued that it would be futile to allow the intervenor to intervene because his § 1983 claims were time barred. Before addressing intervention, the district court performed an analysis of the statute of limitations issue and determined that the intervenor's claim was not time-barred. The Court therefore rejected Defendants' argument that allowing the intervenor to intervene would be futile. The court then stated, "Having determined that [the intervenor's] § 1983 method-of-execution challenge is not time-barred, the Court turns now to the question of whether intervention is warranted." *Taft*, 2006 WL 3793308 at *3.

---

[4] The original plaintiff, Cooey, an Ohio prisoner sentenced to death, filed a lawsuit under 42 U.S.C. § 1983 challenging multiple facets of Ohio's lethal injection protocol.

Similarly in *Strickland* several Ohio prisoners under the sentence of death moved to intervene in the *Cooey* case. The defendants conceded that three of the four intervenors's claims fell within the statute of limitations. Defendants argued that the court should not allow intervention for the fourth intervenor because his claim was barred by the statute of limitations. The court analyzed the statute of limitations issue and determined that the statute of limitations did not preclude the intervenor from intervening. The court then stated, "Having determined that all of the four potential intervenors are within the statute of limitations, the Court can now turn to the issue of whether the factors for intervention support the motions before the Court." *Strickland*, 2008 WL 5111190 at *4. Thus, in both cases the court first looked at whether the statute of limitations had run regarding the claim the intervenor sought to bring to determine whether intervention would be futile. *But see Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, No. 11-13101, 2012 WL 1598154 (E.D. Mich. May 7, 2012) (no Sixth Circuit authority proffered and court not aware Sixth Circuit has adopted futility exception to intervention); *Dauscha v. UP Commc'n Servs., LLC*, No. 4:13-cv-50-HSM-SKL, 2013 WL 6388566 (E.D. Tenn. Dec. 6, 2013) (defendant cited no Sixth Circuit authority for futility exception to intervention).

Quintana's claims are not subject to a relation-back rule that timely ties them to the Stuttes's original counterclaim as this court is not aware of any such rule existing in the Sixth Circuit. Whether the statute of limitations can serve to prevent Quintana's intervention is an issue that has not been consistently addressed in the Sixth Circuit as

14

evidenced by the cases discussed above. The court concludes that while it appears that plaintiff has a valid argument regarding the viability of Quintana's claims based upon the statutes of limitation, the court could not on the existing record make a finding with certainty as to the state law statute of limitations and the policy limitation. However, the court remains mindful that plaintiff contends that Quintana's purpose in intervention is to bring claims that are barred by the statute of limitations and that this analysis is in the context of the issue of the timeliness of Quintana's motion to intervene. Based upon the facts of this case, the issue of the statute of limitations would be better addressed by a dispositive motion brought by plaintiff rather than as a determination by the court prior to intervention. Therefore, this factor weighs slightly against intervention.

### 3. Length of Time

"An entity that is aware that its interests may be impaired by the outcome of the litigation is obligated to seek intervention as soon as it is reasonably apparent that it is entitled to intervene." *Tennessee*, 260 F.3d at 594; *see also Stotts*, 679 F.2d at 584 n.3 (proposed intervenors "should have attempted to intervene when they first became aware of the action, rather than adopting a 'wait-and-see' approach").

Quintana glosses over this factor and offers no explanation for why she was not aware of the need to intervene before this case had progressed for over two years. Quintana did not make a formal demand for her losses until more than two years after

15

issuance of the denial letter and the inception of the lawsuit and subsequent counterclaim. She then did not move to intervene until two and a half years after denial of the claim and initiation of the lawsuit, in late November 2013. The fire loss occurred September 4, 2010, and Quintana was living in the residence at that time. Thus, she was aware of her losses sustained in the fire at that time and was most certainly aware of the investigation that followed, which resulted in denial of the claim. The May 12, 2011 denial letter was addressed to her as well as the Stuttes, and it specifically states that according to the plaintiff's investigation "the fire was intentionally caused by an insured." Further, Quintana most certainly was aware of the lawsuit naming her mother as a defendant as well as the initial and amended counterclaims filed by her mother and Laura Stutte. Quintana knew or should have known of her interest in this case by these time markers, yet she did not move to intervene until November 27, 2013, and only after the trial date that was only two months away had been continued just days before. The years preceding Quintana's motion to intervene during which she knew or should have known of her interest in the case makes her motion untimely. *Cf. City of Memphis*, 73 F. App'x at 133 ("[T]he seven months preceding the proposed intervenors' motion to intervene during which they knew or should have known of their interest renders their motion untimely."). This factor weighs against intervention.
16

### 4. Prejudice to the Parties

Plaintiff contends that it will be prejudiced if Quintana's motion to intervene is granted because Quintana's claims are barred by the respective statutes of limitation and the policy limitation. Plaintiff argues that even though discovery is still open, the greatest part of the discovery has been completed. Granting the motion will require additional discovery and could require plaintiff to prepare another motion for summary judgment, which could have been done in one motion had Quintana not delayed her attempt to enter this case. Quintana argues that discovery is still open and that there is ample time for discovery regarding her claims, so plaintiff is not prejudiced by her intervention.

Should Quintana be permitted to intervene, plaintiff would have to be allowed additional time for discovery and the preparation of a motion for summary judgment or other dispositive motion. Plaintiff's contention regarding the state-law statute of limitations and policy limitation applicable to Quintana's claims may be quite valid and allowing time for a dispositive motion to develop that contention would be necessary. When the court continued the trial, the dispositive motion deadline had passed many weeks before, and it was not continued [doc. 65]. Thus, if Quintana were permitted to intervene, the trial date would have to be moved again, and the dispositive motion deadline reset. Had Quintana moved to intervene earlier, this would not be the situation. Plaintiff is, therefore, prejudiced by the untimeliness of Quintana's motion to intervene. *Cf. Shy v. Navistar Int'l Corp.*, 291 F.R.D. 128, 133 (S.D. Ohio 2013) ("[A]n examination of the timing of the intervenor's motion in

17

light of the point to which the suit has progressed is most relevant when the motion arrives at a point in time that would require reopening discovery, delaying trial, or some other prejudicial delay to the parties") (internal quotation marks and citation omitted). This factor weighs against intervention.

### 5. Unusual Circumstances

Plaintiff argues that there are unusual circumstances that militate against permitting intervention. Quintana asserts in her motion to intervene that her interests would be impaired without intervention because the policy has a finite limit and that any amounts awarded to the Stuttes would reduce the amount available to her. Plaintiff points out that this makes her interests adverse to the Stuttes, yet they share the same counsel. Quintana argues that she does not seek to assert a claim against the Stuttes and that her interests are aligned with the Stuttes against the plaintiff.

To a certain extent, the interests of Quintana and the Stuttes are aligned against the plaintiff. However, as Quintana herself points out, the policy has a finite limit, *i.e.*, the amount of money available to satisfy the claims of the Stuttes and Quintana is a specific and limited amount. The Stuttes are a couple whose interests are the same. Quintana is an individual who is seeking to become a counterclaim plaintiff and as such she is vying for her personal share of the finite policy amount. Thus, to the extent Quintana is competing for the available policy coverage for her own losses and damages, she is adverse to the Stuttes while

18

at the same time being represented by the same legal counsel as the Stuttes. This circumstance weighs against intervention.

Based upon the court's analysis and balancing of the above factors in the context of this case, the court concludes that Quintana's motion to intervene is untimely, and therefore it will be denied. *NAACP*, 413 U.S. at 365 (if application untimely, intervention must be denied); *Stotts*, 679 F.2d at 582. Having found the motion to be untimely, the court need not proceed to consider any additional factors regarding intervention as of right or permissive intervention. *City of Memphis*, 73 F. App'x at 134 ("Because the proposed intervenors' failure to satisfy the timeliness prong prevents intervention as of right, we need not consider the other prongs."); *cf. Stupak-Thrall*, 226 F.3d at 472 ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.'"); *Gascho v. Global Fitness Holdings, LLC*, No. 2:11-CV-00436, 2013 WL 5487339, at *2 (S.D. Ohio Sept. 30, 2013) ("[T]imeliness is a threshold inquiry as to both intervention as of right and permissive intervention; a court must deny an untimely motion to intervene.") (cases cited therein).

## IV.

### *Conclusion*

Accordingly, for the reasons discussed herein, Quintana's motion to intervene will be denied. An order consistent with this opinion will be entered.

19

ENTER:

        s/ Leon Jordan
United States District Judge