UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:11-CV-219-RLJ-CCS ) |
| CAROL ANN STUTTE, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Quash Subpoena [Doc. 204] filed on behalf of Movant Margaret Beebe Held. For the reasons stated herein, the Motion to Quash Subpoena will be **DENIED**.

### I. BACKGROUND

On September 10, 2010, a fire destroyed the home of Defendants Carol Ann Stutte and Laura Jean Stutte ("Stuttes"). The primary dispute in this case is whether the Stuttes intentionally destroyed their home. [See Doc. 193 at 1].

On May 5, 2015, counsel for American National Property and Casualty Company ("ANPAC") issued a subpoena ordering Margaret Held to appear at the trial of this matter on July 28, 2015, prepared to give testimony. Ms. Held is an attorney licensed to practice law in the State of Tennessee. She initially represented the Stuttes with regard to their insurance claim

against ANPAC that is the subject of this litigation. ANPAC claims that Ms. Held has testimony that is relevant to the veracity of Plaintiff Carol Anne Stutte's statements to the Plaintiff.

ANPAC maintains that, during her examination under oath ("EUO"), Plaintiff Carol Anne Stutte testified that, when she applied to ANPAC for an increase in coverage, she did not tell her ANPAC agent, Eric Kurtz, that Janice Millsaps had threatened to burn the house nor did she tell him that they were selling the house because they were afraid of Janice Millsaps. ANPAC alleges that, subsequently, Carol Ann Stutte testified during her discovery deposition given on June 11, 2013, that she testified untruthfully during her EUO, because in actuality, she did tell Eric Kurtz about the threats from and fear of Millsaps. ANPAC alleges that Carol Ann Stutte has stated that she did not disclose this information at her EUO based upon advice from Ms. Held.

Counsel for ANPAC took the deposition of Margaret Held in this case on September 11, 2013. The notice of the deposition of Ms. Held identified three topics of examination, including: statements made by Carol Anne Stutte in her deposition concerning advice Ms. Held gave her about disclosing statements/conduct by Mr. Eric Kurtz. At her deposition, Ms. Held testified during her discovery deposition that she does not recall giving that advice and it does not sound like something she might have said. [Doc. 67-1 at 20-21]. She stated that, to the contrary, her advice would have been to answer every question fully and honestly. [Id. at 21].

ANPAC has now subpoenaed Ms. Held to offer testimony at the trial of this case, which is scheduled to commence on July 28, 2015.

2

Case 3:11-cv-00219-RLJ-CCS   Document 217   Filed 07/01/15   Page 2 of 5   PageID #: 4603

## II. POSITIONS OF THE PARTIES

Ms. Held has filed a Motion to Quash Subpoena in which she moves the Court to quash ANPAC's subpoena on three bases. First, she claims that she is immune from subpoena to trial, pursuant to Tenn. Code Ann. §24-9-101(a)(6). Second, she argues that she is likely to be questioned about certain privileged information, and finally, Ms. Held states that she has a conflict on the date and time that she has been ordered to appear.

First, ANPAC responds that this Court is not bound by Tenn. Code Ann. §24-9-101(a)(6). Second, ANPAC argues that the testimony at issue is not privileged because Ms. Held already gave testimony on these issues at her deposition. Finally, ANPAC maintains that Ms. Held's general statement that she has a conflict at the date and time identified in the subpoena is insufficient. Notwithstanding, ANPAC states that it is willing to consider permitting her deposition testimony to be used in lieu of live testimony if the Stuttes will agree that Ms. Held's deposition testimony may be read into evidence.

## III. ANALYSIS

Rule 45 of the Federal Rules of Civil Procedure states:

> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

3

> (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
>> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>>
>> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(2).

Ms. Held does identify the section of Rule 45 under which she is proceeding. She does not allege that complying with the subpoena would require her to disclose either a trade secret nor does she allege that testifying would require her to disclose an unretained expert's opinion. Therefore, the Court finds that she has not demonstrated any basis for quashing the subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(B).

Accordingly, the Court turns to Fed. R. Civ. P. 45(d)(2)(A). Ms. Held has not alleged that the subpoena fails to afford her a sufficient time to comply, see Fed. R. Civ. P. 45(d)(2)(A)(i), nor has she alleged that the subpoena requires her to travel beyond the geographical limits specified in Rule 45(c), see Fed. R. Civ. P. 45(d)(2)(A)(ii). Thus, it appears to the Court that Ms. Held is attempting to quash the subpoena because it "requires disclosure of privileged or other protected matter, if no exception or waiver applies," Fed. R. Civ. P. 45(d)(2)(A)(iii), and/or it "subjects a person to undue burden," Fed. R. Civ. P. 45(d)(2)(A)(iv).

The Court finds that Ms. Held has not demonstrated that the subpoena would require disclosure of a privileged or other protected manner. First, the Court finds that she has not demonstrated that this Court is bound by Tenn. Code Ann § 24-9-101(a)(6), and the persuasive authority cited to the Court, Hawkins v. Federated Dept. Stores, Inc., 2006 WL 6831303, *2 n. 1 (W.D. Tenn. Oct. 26, 2006), indicates that the Court is not so bound. Second, the undersigned is

4

Case 3:11-cv-00219-RLJ-CCS   Document 217   Filed 07/01/15   Page 4 of 5   PageID #: 4605

not prepared to determine the extent to which Ms. Held waived the attorney-client privilege or protections under the work-product doctrine. However, the Court finds that Ms. Held has not identified the privilege she invokes, nor has she identified any potential testimony that actually fulfills the criteria necessary for protection. Ms. Held has simply failed to meet her burden to demonstrate protection with regard to this subpoena, but she, or her counsel, may invoke such privileges at the trial of this matter for evaluation by the District Judge. Accordingly, the undersigned finds that Ms. Held has not demonstrated that the subpoena should be quashed pursuant to Fed. R. Civ. P. 45(d)(2)(A)(iii).

Finally, the Court finds that Ms. Held has not demonstrated that the subpoena subjects her to an undue burden. She has stated generally that she has a conflict on the date in question. She has not identified the conflict nor has she stated that it is immovable. Moreover, she has not demonstrated why the conflict would take precedence over an Order directing her to appear before a United States District Court. Accordingly, the undersigned finds that Ms. Held has not demonstrated that the subpoena should be quashed pursuant to Fed. R. Civ. P. 45(d)(2)(A)(iv).

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Motion to Quash Subpoena **[Doc. 204]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge